**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED FROM YOU MAY BE USED FOR THAT PURPOSE.**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| FIRST MIDWEST BANK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 08 C 947 |
| SEAN D. OJA, an individual; ELIZABETH A. OJA, an individual; | ) ) ) ) |
| Defendants. | ) ) |

### JUDGMENT OF FORECLOSURE AND SALE

This day came the Plaintiff, First Midwest Bank, a duly organized and existing corporation, chartered to make loans of money secured by mortgages on Ships and other vessels, by its attorneys, Stitt, Klein, Daday, Aretos & Giampietro and all other defendants having failed to answer the Complaint filed herein or to otherwise plead and a default Order having been entered against said defendants; and this cause coming on now to be heard upon the Complaint and upon the record herein, this Court FINDS:

1. That it has jurisdiction both over the parties to this action and over the subject matter of this action.

2. That all material allegations of the Complaint are true, proven and supported by the requisite affidavits filed pursuant to the Ship Mortgage Act, 46 U.S.C. section 31301, et seq.,; that certified copies of the Mortgage foreclosed on and referred to in the

Complaint have been exhibited in open court and have been marked Plaintiff's **"Exhibit A"**, that copies of the promissory note have been exhibited in open court and have been marked Plaintiff's **"Exhibit B"** that copies of the aforesaid Mortgage and Note have been and are attached to the Complaint.

3. That by virtue of the Mortgages and the Notes, both of which have been described in the Complaint, there is due to the Plaintiff the following amounts:

|  |  |
|---|---|
| Unpaid Principal | $144,979.12 |
| Accrued interest payable on the unpaid principal balance, through May 22, 2008 | 9,029.74 |
| Late Charges | 1,515.44 |
| Bank Charges and Storage fees | 6,851.50 |
| Total | $162,375.80 |
| Attorneys fees | $1,750.00 |
| Filing Fee | 350.00 |
| Service | 201.00 |
| Total Costs | $2,301.00 |
| Total for Mortgage | $ 164,676.80 |

4. All the foregoing amounts have been accounted for in the affidavit filed by the Plaintiff herein.

5. That under the provisions of the Mortgage, it is provided that the Plaintiff is entitled to be reimbursed for its reasonable attorneys' fees. The Court, having reviewed said fees and finding that they are the usual, customary, and reasonable charges incurred in like causes, hereby orders that such fees are allowed to the Plaintiff. The court has

approved the portion of the lien attributable to attorneys' fees only for purposes of the foreclosure sale, and not for purposes of determining the amount required to be paid personally by defendant in the event of redemption by defendant, or a deficiency judgment, or otherwise. In the event of redemption by defendant or for purposes of any personal deficiency judgment, this court reserves the right to review the amount of attorney's' fees to be included for either purpose. Plaintiff's counsel is required to notify defendant of the provisions of this paragraph.

6. That under the provisions of the Mortgage and Note, the costs of the foreclosure are an additional indebtedness for which the Plaintiff should be reimbursed. The Court, having reviewed said costs and finding that they are the usual, customary, and reasonable expenses incurred in like causes, hereby orders that such expenses are allowed to the Plaintiff.

7. That under the provisions of the Mortgage and Note, all other reasonable expenses incurred by Plaintiff that in Plaintiff's opinion are necessary at any time for the protection of its interests or the enforcement of its rights, including, but not limited to, premiums for property insurance, the costs of searching records, obtaining title reports (including foreclosure reports), are an additional indebtedness for which the Plaintiff should be reimbursed. The Court, having reviewed said costs and finding that they were all reasonably necessary for the protection of Plaintiff, hereby orders that such expenses are allowed to the Plaintiff.

8. That the property herein referred to and directed to be sold is described as follows: a 1998 400 Trojan Express, Hull Identification #CDRT1027B898 known as "When

In Roam"; and 1998 twin Mercury 8.2L engines, serial numbers OL006269 and OL006270 (hereinafter referred to as the "property"). That the Mortgage was executed by Sean Oja and Elizabeth Oja, Mortgagor, as security for the Note.

9. That the date when the Mortgagor Sean Oja and Elizabeth Oja were served with summons, by publication or otherwise submitted to the jurisdiction of this Court was March 29, 2008.

10. That the Mortgage constitutes a valid lien upon the vessel which is prior, paramount and superior to the rights and interests of all other parties and is paramount and superior to the interest of unknown owners and Non-record Claimants. Upon entry of the judgment herein, the rights of the Plaintiff shall be secured by a lien upon the mortgaged property, which lien shall have the same priority as the Mortgage to which the judgment relates. The rights and interests of all other parties, unknown owners, and non-record claimants are subject, subordinate, and inferior to the rights of the Plaintiff herein including Owners, and Nonrecord Claimants.

11. There is no just reason to delay in the enforcement of or appeal from this final judgment order.

IT IS THEREFORE ORDERED AND ADJUDGED THAT:

12. The subject property herein legally described shall be sold by Springbrook Marine, Inc. Selling Officer as appointed by this Court.

13. The attorneys for the Plaintiff shall give public notice of the time, place, and terms of sale. The public notice of sale shall be published at least three (4) consecutive calendar weeks (Sunday through Saturday), once each week, the first such notice to

be published not more than twenty-eight (28) days prior to the sale, by (A) advertisements in a newspaper circulated to the general public.

14. Said public notice shall include the information required pursuant to 28 USC 2002, but an immaterial error in the information shall not invalidate the legal effect of the public notice.

15. Notice of sale shall also be given by the attorneys for Plaintiff to all parties in the action who have appeared and have not theretofore been found by the Court to be in default.

16. The Selling Officer may adjourn or continue the sale.

17. The property shall be sold at public auction to the highest bidder for cash requiring payment not less than twenty-five percent (25%) at the time of sale and the balance within twenty-four (24) hours plus interest at the statutory judgment rate on any unpaid portion of the sale price from the date of payment. All payments of the amount of bid shall be in cash or certified funds payable to the Selling Officer. In the event the bidder fails to comply with the terms of the purchase as required, then upon demand by the Plaintiff in a notice served on the Selling Officer and on the bidder, the funds shall be forfeited to the Plaintiff or the Plaintiff shall have the option to have the property sold to the next highest bidder. In the event there is a third party bidder other than the Plaintiff, the Selling Officer shall obtain the name, address (other than a post office box), and telephone number of that bidder. Notice by regular mail to the address given by the bidder and to the Officer conducting the sale shall be deemed to be sufficient notification by the Plaintiff to exercise its option to

forfeit the funds. The subject property is offered for sale without any representation as to quality of title and without recourse to Plaintiff.

18. The Plaintiff may become the purchaser at such sale. If Plaintiff is the successful bidder at said sale, the amount due the Plaintiff plus all costs, advances and fees hereunder together with interest incurred between entry of Judgment and confirmation of sale shall be taken as credit on its bid.

19. Out of the proceeds of said sale, the Selling Officer shall make distribution in the following order of priority:

   a. The Selling Officer shall be paid his reasonable fees and costs;

   b. The reasonable expenses of sale;

   c. The reasonable expenses of securing possession before sale, holding, maintaining and preparing the property for sale, including payment of taxes and other governmental charges, premiums on hazard and liability insurance, receiver's and management fees and, to the extent provided for in the mortgage or other recorded agreement and not prohibited by law, reasonable attorneys' fees, and other legal expenses incurred by the Mortgagee;

   d. Out of the remainder of such proceeds, the amount found due to the Plaintiff in the Judgment shall be paid to the Plaintiff;

   e. If after payment of the above items there shall be a remainder, the Selling Officer shall hold this surplus subject to the further order of this Court;

   f. If the remainder of the proceeds shall not be sufficient to pay the above-described amounts and interest, the Selling Officer shall then specify the

amount of the deficiency in his Report of Sale. The Plaintiff shall be entitled to a judgment in rem for the amount of such deficiency and a Memorandum of Judgment shall issue to Plaintiff with the same lien priority as to the underlying Mortgages herein foreclosed.

20. At the sale of the mortgaged property, the Selling Officer shall give to the purchaser a receipt of sale. The receipt shall describe the property purchased and shall show the amount bid, the amount paid, the total amount paid to date and the amount still to be paid therefor. An additional receipt shall be given at the time of each subsequent payment.

21. Upon payment in full of the amount bid, the Selling Officer shall issue, in duplicate, and give to the purchaser a Certificate of Sale. The Certificate shall be in a recordable form, describe the property purchased, indicate the date and place of sale and show the amount paid therefor. The Certificate of Sale shall be freely assignable.

22. After payment of the purchase price and any other amount required to be paid by the purchase price and any other amount required to be paid by the purchaser at sale, the Selling Officer shall execute and deliver to the holder of the Certificate of Sale or, if no Certificate has been issued, then to the holder of the Receipt of Sale or the assignee thereof, a document sufficient to convey title. Such deed or title shall be an entire bar to all claims of the parties to the foreclosure and all persons or entities claiming thereunder, including non-record claimants and unknown owners. In the event that the Plaintiff is the successful bidder at the sale, title shall vest in the Plaintiff and the Selling Officer shall tender to the Plaintiff all documents necessary

for the conveyance.

23. The Court hereby retains jurisdiction of the subject matter of this cause, and of all the parties hereto, for the purpose of enforcing this Judgment.

Enter:

*[signature]*
Judge

Dated: JUN 1 2 2008

Stephen G. Daday
Stitt, Klein, Daday, Aretos & Giampietro
2550 W. Golf Rd. 10th Floor
Rolling Meadows, IL 60008
(847) 590-8700